IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | Case No. 08 CR 881 |
| v. | |
| **WILLIE RAY JEFFERSON,** | Hon. Harry D. Leinenweber |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Defendant Willie Ray Jefferson (hereinafter, "Jefferson") was convicted after a jury trial of robbing an armored car with a firearm. The evidence presented to the jury included the testimony of Abimael Jaimez (hereinafter, "Jaimez"), the armored car driver who was the victim of the robbery, including Jaimez's eyewitness identification of Jefferson as one of the perpetrators. Also presented to the jury was the testimony of FBI Agents Hill ("Hill") and Marsh("Marsh"), including Marsh's testimony that Jefferson had confessed to the robbery in his presence, and surveillance video and still images of the robbery. Jefferson was present at trial but did not testify.

Jefferson now brings three separate motions: a motion for production, a motion for acquittal, and a motion for a new trial. The Court examines each motion in turn.

## I. MOTION FOR PRODUCTION

Jefferson asks the Court to enter an order requiring the Government to produce investigative reports authored by Agent Marsh between January 2007 and October 2008, after Marsh began working on the case but before Jefferson's arrest. Federal Rule of Criminal Procedure 16(a)(1)(E) requires the Government to produce to the defendant, among other things, any documents within the Government's control that are material to preparing the defense or that the Government intends to use in its case-in-chief.

Here, Jefferson does not identify any reports that the Government used at trial but failed to produce. Instead, Jefferson maintains that Marsh's reports could have been material to preparing his defense if they "contained information as to . . . the second offender who [the victim] identified as the individual whom he saw two weeks after the offense exiting a car with a purported female employee of the bank."

As an initial matter, Jefferson's argument that Marsh's reports may have contained information relevant to his defense is wholly speculative. Jefferson does not identify any reports authored by Marsh that the Government even failed to produce, let alone any such reports that would have aided his defense. Moreover, the Government asserts that it has already tendered to Jefferson all of Agent Marsh's reports "concerning witnesses . .

. who provided evidence concerning the defendant's role in the armored car robbery." Accordingly, Jefferson's Motion for Production is denied.

## II. MOTIONS FOR ACQUITTAL AND A NEW TRIAL

Jefferson seeks a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29 on the basis that the evidence presented at trial was insufficient to convict him. He also seeks a new trial pursuant to Rule 33 based on several purported errors of the Court.

### A. Sufficiency of the Evidence.

Jefferson seeks a judgment of acquittal based on the insufficiency of the evidence presented to the jury. To succeed on a Rule 29 motion for judgment of acquittal, a defendant must show that there was insufficient evidence presented at trial from which any rational jury could have found guilt beyond a reasonable doubt. *United States v. Presbitero*, 569 F.3d 691, 704 (7th Cir., 2009). The Court will not second-guess the jury in terms of judging the credibility of witnesses or assessing the evidence, *see United States v. Rollins*, 544 F.3d 820, 835 (7th Cir., 2008), and the jury's verdict will only be set aside where "the record contains no evidence, regardless of how it is weighed," from which a jury could

have returned a conviction, *United States v. Moses*, 513 F.3d 727, 733 (7th Cir., 2008).

Here, the robbery victim, Abimael Jaimez, testified at trial that he positively identified Jefferson as one of the robbers. The Government also presented surveillance video of the robbery, which enabled the jury to draw its own conclusion whether Jefferson, who was present at trial, appeared on the recording. Moreover, Agent Marsh testified about Jefferson's post-arrest confession (at which Marsh was present) in which Jefferson admitted to committing the robbery. Although Jefferson's statement was not recorded, he signed a written waiver of his *Miranda* rights indicating that he agreed to answer the agents' questions and that waiver was presented to the jury at trial. Ultimately, it was for the jury to determine whether Agent Marsh's testimony was truthful and whether Jefferson's confession actually happened. In any event, this evidence amply supports the jury's guilty verdict and Jefferson's Rule 29 motion is denied.

**B. Purported Errors of the Court.**

Jefferson also seeks a new trial based on purported errors of the Court before and during his trial. The Court may order a new trial under Rule 33 when required in the "interest of justice." FED. R. CRIM. P. 33(a). Generally, in order to obtain a new trial,

a defendant must show that his substantial rights have been jeopardized by the Court's errors. *United States v. Reed*, 986 F.2d 191, 192 (7th Cir., 1993). A Rule 33 motion for a new trial should be granted where the evidence "preponderates heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *United States v. Washington*, 184 F.3d 653, 657-58 (7th Cir. 1999).

### 1. *The Fox News Tip.*

Agent Hill testified at trial that during the bank robbery investigation Fox News received an anonymous tip that Jefferson was one of the robbers. Jefferson objected to this testimony at trial on hearsay grounds and now argues that it was error for the Court to admit it. As the Court explained at trial when it overruled Jefferson's objection, and as it explained to the jury in a limiting instruction, this testimony was not admitted to prove its truth. That is, the Government did not seek to admit the Fox News tip to prove that Jefferson had actually committed the robbery, but rather to explain why Agent Hill included Jefferson's photo in a subsequent photo array. As such, Agent Hill's testimony was not hearsay, *see* FED. R. EVID. 801©, and the Court did not err in admitting it.

### 2. *Agent Hill's Testimony About the*

### *Similarity of Certain Images.*

Jefferson argues that it was improper for the Court to permit Agent Hill to testify at trial that, in his opinion, the surveillance image of the robber and the person in the photo he obtained as a result of the Fox News tip appeared similar. Jefferson maintains that the similarity of the two images was an "ultimate fact" for the jury to decide.

As an initial matter, Jefferson did not object to this testimony at trial so the Court considers the propriety of its admission under the "plain error" standard, meaning, Jefferson must show that (1) there was an error, (2) the error was plain, and (3) the error affects substantial rights. *See United States v. Ajijola*, 584 F.3d 763, 765 (7th Cir., 2009). Jefferson has made no such showing here. First, the similarity between the two images was not an ultimate fact. Agent Hill did not testify that Jefferson was the robber in the surveillance image, he merely testified that he believed the two images were similar, which helped explain why he focused his investigation on Jefferson. Moreover, even if the admission of this testimony had been in error, given the weight of the other evidence of Jefferson's guilt, *i.e.*, the eyewitness' identification and Jefferson's own

confession, it is unlikely that Agent Hill's testimony affected the outcome of the trial.

### 3. The "Other Topics" Covered During Jefferson's Interrogation.

Jefferson also complains that the Government violated the Court's instructions when it elicited testimony from Agent Marsh on direct examination that his interrogation of Jefferson covered topics other than the armored car robbery. Those other topics involved Jefferson's other criminal activity but Agent Marsh did not so specify during his testimony. It is Jefferson's position that by eliciting this testimony the Government violated the Court's instructions that the Government not introduce any evidence that Jefferson's other crimes were discussed during his interrogation unless, on cross-examination, Jefferson opened the door to that subject by inquiring why the interrogation was so lengthy.

Marsh's testimony did not violate the Court's instruction so its admission was not error. Marsh merely testified that other, unspecified "topics" were discussed, but he did not even identify what those topics were, let alone imply that they related to any other crimes committed by Jefferson. Agent Marsh's testimony about "other topics" does not warrant a new trial.

### 4. Government's Withholding of Agent Marsh's Reports.

As explained above, Jefferson has made no showing that the Government failed to produce any relevant investigative reports authored by Agent Marsh and the Government denies that they have withheld any. Jefferson's speculation that such reports were withheld and would have been relevant to his defense does not warrant a new trial.

### 5. Court's Allowance of Prior Crimes Evidence to Impeach.

The Court ruled before trial that if Jefferson testified, the Government could introduce evidence of his prior crimes during his cross-examination. Jefferson argues that this ruling was erroneous because the prejudicial effect of such evidence greatly outweighed its probative value. Jefferson chose not to testify at trial and in doing so he waived this argument. *See Luce v. United States*, 469 U.S. 38, 43 (1984) ("to raise and preserve for review the claim of improper impeachment with a prior conviction, a defendant must testify"). Accordingly, this particular ruling of the Court cannot provide a basis on which to grant Jefferson a new trial.

### 6. Government's Statement During Closing Argument.

Jefferson argues that the Government made an improper statement during its closing argument in rebuttal. Specifically, the Government suggested to the jury that Jefferson could have

subpoenaed Detective Pietruszka ("Pietruszka") to rebut testimony about Jefferson's oral confession.  According to Jefferson, this statement effectively "shift[ed] the burden of proof to the Defendant to prove his innocence."  Jefferson objected to the Government's statement during closing argument and the Court overruled the objection.

The Court's ruling was correct.  Generally, it is permissible for the prosecutor to make clear to the jury that the defendant, like the Government, has the power to subpoena any witness or witnesses relevant to the case after the defendant has opened the door to this argument by arguing that the prosecution failed to call a particular witness.  *See United States v. Aldaco*, 201 F.3d 979, 988-89 (7th Cir., 2000).  Here, it was Jefferson who first brought up during his closing argument the Government's failure to call Pietruszka as a witness.  Therefore it was not improper for the Government to point out during its rebuttal that Jefferson also could have called Pietruszka if he thought Pietruszka's testimony would have been helpful.  The Court's decision to overrule Jefferson's objection on this point was not erroneous.

### 7. *The Court's Answer to a Jury Question.*

During its deliberation, the jury asked the Court to provide it with a demonstrative exhibit used by the prosecution but not

admitted into evidence.  The exhibit consisted of two photographs placed side by side for comparison.  In responding to the jury's question the Court stated, "The side-by-side presentation was for demonstrative purposes only.  Both of the photos used are in evidence separately and are before you."  Jefferson maintains that the Court's response improperly assisted the jury in recreating the demonstrative exhibit and also highlighted this evidence over other evidence.

The Court has considerable discretion in responding to a question from the jury but the Court's response must be specific, must fairly and adequately treat the issue raised, and must be a correct statement of the law.  *See United States v. Hewlett*, 453 F.3d 876, 880 (7th Cir., 2006).  Here, the jury's question did not implicate the law.  The Court's response merely explained why the exhibit had not been given to the jury.  The Court's reference to the photographs contained in the exhibit was necessary to answer the jury's question fairly and adequately and did not inappropriately highlight those photographs or imply that the other evidence was less important.  The Court's response to the jury's question does not require a new trial.

### 8. *Jury Instructions.*

Jefferson also seeks a new trial on the grounds that "[t]he Court improperly overruled defense objections to jury instructions and failed to give instructions requested by the defense." Jefferson does not identify a single jury instruction to which he objected or a single jury instruction which he proposed and the Court refused to give to the jury. This vague and undeveloped argument falls far short of showing a "miscarriage of justice" as required to undermine the jury's verdict.

### III. CONCLUSION

For the reasons stated herein, Defendant Willie Ray Jefferson's Motion for Production, Motion for a Judgment of Acquittal, and Motion for a New Trial are denied.

**IT IS SO ORDERED.**

                                                                Harry D. Leinenweber, Judge
                                                                United States District Court

**DATE:** 12/16/2009